Good morning and welcome to the Ninth Circuit. Before we begin, Judge Nelson and I would like to welcome and to thank Judge Don Malloy, who is here from visiting with us yesterday and today, helping us out from the District of Montana. Welcome and thank you for being here. All right, thank you. A little housekeeping. We've got one case submitted on the briefs, Alcantara v. Coyote Valley Band of Pomo Indians. All the rest of the cases will be argued. First of them, Open Source Security v. Perens. When you're ready, Counsel. May it please the Court. Good morning, Your Honors. Roy Chhabra on behalf of Appellants Bradley Spengler and Open Source Security. With your permission, I'd like to reserve three minutes for rebuttal. For the case on the merits, I would try to limit myself to nine minutes, three minutes for the fee motion, and I'll mind my time. For the case on its merits, Your Honor, I'd like to address three issues. First is defendants' use of the word explicit as it relates to Section 6 of the GPL. Second one is that there is no undetermined legal issue in this matter. And third, even if there is one, under California law, we're supposed to apply the totality of the circumstances test, and based on that test, an average reader would presume defendant's statements to be based on a fact. The first issue was not even addressed by the District Court. Defendant has made at least one factual assertion, and this false factual assertion is actually, it forms the basis of his opinion. Okay, and so what is the false factual assertion? Yes, Your Honor. So before I delve into it, I'd like to go over defendant's post. Well, help me out. Just tell me what the false assertion is and then go from there, please. Yes, Your Honor. So defendant states that Section 6 of the GPL explicitly prohibits addition of the access agreement. And that is a false factual assertion. Is that the only one that you're relying on? Because you, I mean, sometimes these defamation cases, you put out a whole statement, but I was kind of wanting to focus on the same thing. Like, what is the actual factual statement? Is that mainly what you're relying on? No, Your Honor. This fact forms the basis of his opinion, and then the second issue is the whole opinion by itself is defamatory as well. But this statement, that's where I wanted to focus on to at least highlight that there's at least one issue which does not involve coastal abstract, which does not involve any of the analysis used by the district court. And... Isn't that an inter... Explain to me why that's false. So, Your Honor, as a defendant, I'm going to paraphrase defendant. In both the original and the updated blog posts, he first states it's his strong opinion that those doing business with appellants are subjecting themselves to legal liability. He then describes the access agreement, and he also states that it's a penalty. Then he makes the false assertion that's, that Section 6 of the GPL explicitly prohibits the addition of the access agreement. Based on this assertion, then he finally concludes that, in his opinion, appellants are violating the GPL. So the conclusion is formed based on the fact, and it's presumed that Section 6 explicitly prohibits the addition of the access agreement. I'd like to focus on the word explicit. Merriam-Webster defines explicit as something which is fully revealed without vagueness, implication, or ambiguity. So when a speaker states that a license explicitly prohibits inclusion of a term, the average reader would presume that the license clearly does so, without any vagueness or ambiguity. Now, defendant has, in his answering papers, claimed that this argument mischaracterizes his opinion. But, Your Honor, this statement is not an opinion. It's a false factual assertion, and it can be objectively verified that the GPL has no explicit condition related to future services. But why is that defamatory? So say he miss — let's assume that that's true, that there's nothing explicit in there, and he mischaracterized the contract. Why is that, in and of itself, defamatory? Because it's used as the basis to form his opinion. So basically, defendant first states that because Section 6 does not allow inclusion of any terms of the access agreement, therefore, appellants are violating the GPL. And that itself is the basis of his conclusion. But would you say that — let's say he was an attorney, and he had written this. Would — are attorneys or anybody who's weighing in on a legal — this seems like a legal conclusion that he's making, an opinion. He may be qualified to make it. He may be unqualified to make it. But does this open — if we were to rule in your favor and say that this could potentially state a claim, would this open up a whole bunch of attorneys to potential defamation claims when they misstate facts in their legal opinions? Your Honor, I think, again, that goes towards the totality of the circumstances test, is that we have to look at what defendant actually stated. This is a very one-sided, quote, unquote, opinion. It basically tarnishes appellant's reputation. It does not — it's not a fair assessment. And now we have to consider defendant's reputation in society. We — you know, defendant is portraying himself as having specialized knowledge in matters of open source compliance. He has published 24 open source-related books. He is the one who interprets laws to engineers. He claims to be an advisor to attorneys. He claims to have educated more than 250 attorneys, not about software technology, but about their continuing legal education. He has represented himself in court as a subject matter expert related to cases in which the legality of open source — No, I understand all that. I think you've made those arguments pretty forcefully in your brief as well. But my concern is, if we — I think you probably have honed in on what's the strongest argument among many of the others that you've put forward. But I'm concerned about what — where that leads. If we say that a misstatement, even if it is factually inaccurate, can infect a legal — you know, kind of a legal opinion, is it — you talk about the totality of the circumstances, but the totality of the circumstances suggest this is an opinion. And just because that opinion is based on perhaps one fact that may be inaccurate, why would that make that actionable? I fear that that would open up the floodgates to a whole lot of defamation. Your Honor, if we look at the Wilbanks case and — as well as the Overstock case, in both cases, the Court focused on the — you know, a statement which may be considered as layperson opinion, but when made by one with specialized knowledge in a field, may be assumed as a matter of fact by the average reader. And this rationalizing — excuse me, Your Honor. This rationalization stems from a 1982 California Supreme Court case, Slaughter v. Frydman. In that case, the Court stated that people possessing specialized knowledge — and I'm going to quote — wear a ring of authenticity. That means if a person who has specialized knowledge is making statements, people are automatically going to presume those statements to be based on facts. And, Your Honor, that's where the underlying problem is. Had the statement made by a layperson, nobody would have even cared. But because defendant made those statements, they have actually caused a lot of harm to appellants. I don't doubt that there's been some harm caused, but I'm not sure that it — this is what's hard for me to see, is how is that — I don't see this as a particularly derogatory fact. It may be wrong, but the fact itself — for example, you could imagine someone misstating and saying, that company contractually requires all their employees to effectively work as slaves. Okay, that might put them in a derogatory light, and it might be a misstatement of a contract that doesn't exist. But this doesn't seem to rise to that level where, even if it were — even if this one fact were demonstrably able to be proven true or false, why does it put them in a false light, or why does it make them — it's a policy decision. So are we talking about the false light? No, I'm using false light generic. I mean, we can talk about it if you want, but I kind of combine those together. But I'm just saying, why does it put them in a — why does it defame them? Your Honor, because if you state — if one states that — so, Your Honor, in terms of a business contract, or just two people doing business, you know, and if one says that you're in violation of the contract and other people assume that to be true, then you've already stated that this person is, you know, acting unscrupulously. And that's where the problem is. If you already make a statement, as in this case which has happened, is that, you know, because there is appellants or Section 6 of the GPL states that this term should not be included, or it does not permit inclusion of the access agreement, therefore defendants are — or appellant are acting unscrupulously, and that's problematic. What if this had been said in exactly — written in exactly the same way, but without the word explicitly? What happens then? Your Honor, then we can go towards a totality, but, Your Honor, we cannot ignore this term. It's a very strong word. No, no, I understand that, but I'm trying — I understand the argument, but I'm asking you if the word explicitly had not been there, would you have a cause of action? Then, again, Your Honor, with then Wilbanks and Overstock case would come, you know, using that analysis, it still would be. And, Your Honor, that goes towards the second issue which I was mentioning, is there is actually no undetermined legal issue in this matter at all. And what if instead of explicitly, he had said clearly? I think, Your Honor, it would still cause the same effect. This statement just enunciates the whole cause of action. And what if he had said implicitly? I mean, are you disagreeing with the terms of the underlying licensing agreement? Are you disagreeing with the characterization? Of the substance of the access agreement? Yeah, yeah. Except for the punitive part, defendant has substantially described that there is the provision on future services. And Your Honor, so to answer your question, under the totality of the circumstances test, we still have to look at the post overall, what it's trying to depict to the average reader. And so they have, Your Honor, in their briefs throughout this matter, they have stressed on one point that there is an undetermined legal issue, but there's actually not. Now, your time is running. Did you wish to address fees? The fee motion, Your Honor. Yes. You said you wanted to save some time for that. Yes, Your Honor. Thank you. So, Your Honor, regarding the fee motion, the district court did not apply the correct legal principle in determining the prevailing rate. Can I ask before we get there, because I'm happy to let you use your time on that, but I don't think it's a particularly compelling argument. I think the issue that's more important in my mind is, if we say that this is dismissed, does that automatically trigger attorney's fees, or is there a higher standard? Do we have to find that it was in a public statement or a public interest in order to hit attorney's fees under the anti-slavery statute? If then the fee motion issue would become moot. If this court were to decide in favor of appellants on the merits. No. My question is, can we decide against you and agree that it was a proper dismissal, but still find that attorney's fees are not warranted under the anti-SLAPP statute? So, yes, Your Honor. We are stating that. So, fee is, we're just, in our fee motion, we have specifically addressed the attorney's hourly rate. And for that, am I answering your question? Go ahead. And so the district court did not apply the correct standard, which is that the prevailing rate in society for attorneys of similar matter should have been considered. And the second issue is that the ruling was arbitrary and capricious. Because for the first issue, the declaration, the Covey Declaration, addresses only fees for large firms with comparable quality and prestige as O'Melveny. And it's based on undisclosed confidential data from PricewaterCoopers. And if Your Honor doesn't, I think the briefs are pretty well explained. And I'd like to reserve my time for rebuttal. Thank you. Okay. Response? May it please the Court, I am Jamie Williams on behalf of Mr. Bruce Perrins. I will be arguing for 12 minutes on the merits of the district court's dismissal of this action, and my colleague, Katie Goesware, will be arguing for 3 minutes on the fees issue. Okay. As the district court held, this is a straightforward defamation case, one involving no defamatory statements. OSS seeks to hold Mr. Perrins liable based on opinions that he expressed about an unsettled legal issue. I'm with you on the opinions, although as you know, and I think you recognize in your brief, you can't just say it's an opinion and exculpate yourself under defamation. And the plaintiff has a position here that the facts were misrepresented. I can imagine that companies are not happy to be publicly alleged to be violating a contract based on facts that may or may not be true. Do you disagree with the statement? Is the statement true or false that Version 2, Section 6 explicitly prohibits the addition of terms such as this redistribution prohibition? Your Honor, what this sentence here is a reference to the Section 6 of the GPL in service of Mr. Perrins' opinion. So it is true that Section 6 explicitly prohibits the addition of terms. It is Mr. Perrins' opinion, as he made clear in his brief. Where is that in that? Can you point me to the record that would say that this explicitly prohibits the addition of terms? Yes, excerpt of record or the first excerpt of record, page 53. At the bottom of the page, there's Section 6 of the GPL, which states, each time you redistribute the program or any work based on the program, the recipient automatically receives a license from the original licensor to copy, distribute, or modify the program subject to these terms and conditions. This is the important part. You may not impose any further restrictions on the recipient's exercise of the rights granted herein. So the Section 6 of the GPL explicitly is prohibiting the addition of terms that restrict recipient's rights to copy, distribute, or modify software. And it is Mr. Perrins' opinion, as he made clear in his blog post, that OSS's restriction violates this term. That is the legal issue. And Mr. Perrins disclosed the complete factual basis for his opinion. So it's explicit, but the meaning of the explicit sentence is disputed? That's the idea? I think it's clear, and as the district court held below, this sentence expresses his — it's a mixed statement of fact and statement of opinion. The beginning part of the sentence explicitly prohibits the addition of terms. That is — that's true. But then, such as the redistribution provision, that's the — Mr. Perrins' opinion. And that's what he goes on to explain in the next paragraph of both versions of his blog post. Your Honors, like, the opposing counsel here is arguing that you should look at the totality of the circumstances, but they're asking you to look at this statement completely out — out of context, when really — So a person says, that company violates their contracts as a matter of course. And the company says, what do you — you know, we don't want that. In fact, they have — they have companies that refuse to do business with them because these statements are being made publicly, and they sue. Is that — the fact that he said they violate their contracts, would that be actionable? I think you would need to look at that statement in the context that it was made. If it was — if the facts supporting that statement were — were there, then I think that — Say there were no facts. All he said was, these guys — this company has a practice of — of breaching its contracts. You shouldn't do business with them. In that case, that could be potentially defamatory because it could be held to be implying the existence of additional facts. It would be implying that the speaker had some special knowledge that they weren't disclosing to the reader about how this company was acting and breaching contracts. And — and the reader would — I mean, as I think the court in Wilbanks explains it best, when you are presented with an opinion and you don't — you don't have the factual basis for that opinion, you're going to either draw one of two conclusions. Either there is no factual basis for that opinion, or there's a factual basis that's drawing the latter case. But here, it's — that's not the case. Mr. Perrins explicitly explained the facts underlying his opinion. And the — the world of facts that he was relying on is actually quite narrow. It is the fact that we're talking about Linux-based software that's governed by the general public license, the text of Section 6 of the general public license, and the text of the — the access agreement itself. And that's it. Those are the facts that he presented. Anyone who read his blog post could either agree with his assessment of the facts, or they could come to their own conclusion about those facts. And that's because he presented the facts. And all of those facts are true, and they are uncontested in this case. And as the district court held, because Mr. Perrins disclosed the factual basis for his opinion, his statements did not imply the assertion of any additional facts. As this court recognized in the Standing Commission case, when a reader is presented with the opinion is based on the facts presented, and they're not going to assume the existence of any additional facts. And there's no court that holds that a speaker's subject matter expertise alone can be the basis for inferring additional facts. There's no case that says that. And, in fact, that would be a terrible rule. It would mean that attorneys who are obviously specialized in our field — we would not be able to be able to publicly express opinions on unsettled issues of law. I'm a public interest attorney, and I write blog posts all the time about this issue. It would make my job very difficult. And not only that, Your Honor, but when you state the facts underlying your opinion, and those facts are true, the Constitution protects your opinion from liability for defamation. The sine qua non of defamation is the existence of a falsehood. There is no falsehood here. There can be no defamation. The district court — But, I mean, to say there's no falsehood, there's arguably a falsehood. Isn't that the more accurate way to say it, that it's disputed whether this statement, this factual statement is true or not? I disagree, Your Honor. I think that, as the district court held — You think it's conclusively determined that this is a true statement? I think it's conclusive that this is a statement of opinion. The fact that — That's not what my question is. My question is, this fact, the one that the plaintiff's counsel is focused on, do you agree that that is expressly, explicitly accurate? Or do you think it's contested as whether it's accurate? Or do you think — I mean, I'm sure you're not going to concede that it's actually false. What I disagree with is the characterization of the statement as a fact. I think the phrase as the redistribution prohibition is Mr. Parent's expression of his opinion. As he makes clear in the next paragraph in both versions of the post, he goes on to explain why that is his opinion. So in the context of this post, it's very clear, as the district court held, that this is a statement of opinion, not a statement of fact. OSS disagrees with that, but they disagree with his opinion. Even if it is a statement of opinion, it still has to go to — don't we have to still look to the contract and see how close it is to true — I mean, you can't just say, well, I have an opinion that this contract states X, and then you go look at the contract and there's nothing even remotely close to X. Doesn't it matter how close to being accurate that statement is? I mean, the first — all that the defamation law requires is that you state the factual basis for your opinion. So if you were wrong — Not true. The facts have to be true. Yeah, that's true, yes. You state the factual basis for your opinion, and those factual basis are true. So if you say, I think this violates the contract, and you include the text of the contract and include whatever you think is violating — But say you say, I think this violates the contract because this applies to all employees in the company. And then you go read the contract, and it specifically doesn't apply to all executives in the company. Would that fact — would we have to look at that? I guess what I'm saying is, can we say out of the gate, this is opinion, end of story, or do we need to go further and say, yeah, this may be his opinion, but we actually need to look and see how close his opinion is to reality? I think that in this case, because Mr. Perrins went on to explain why he thought that Section 6 prohibited OSS's — the prohibition in their access agreement, because he explicitly explains that in his blog post, you don't have to go any further. You can understand from just looking at his blog post that this is a statement of opinion. Anyone who read his blog post would be able to look at the — without looking at either the GPL or the access agreement, they would be able to look at his blog post, see the facts that he was basing his opinion on, and come to either the same conclusion as him or a different conclusion. So if I'm asking questions that your co-counsel is supposed to address, let me know. But I have the same question for you I asked before. If we agree that the district court properly dismissed it, does that automatically entitle your client to attorney's fees, or is there another step in there to find that they're entitled to attorney's fees under the anti-SLAPP statute? I think that's kind of a question for both of us. I think I can address — the anti-SLAPP statute was — all the elements here are met. Bruce, or Mr. Appearance, was discussing a matter of public interest as the district court — But is that the question? If we find — so we find that there's nothing actionable here, we affirm the district court, hypothetically. Do we then go in and say, okay, now we need to find out whether the plaintiffs were making a claim of — what is it, public interest? Yes. And if we say that it wasn't of public interest, then they're not — then your client would not be entitled to attorney's fees under this anti-SLAPP statute. But if it is of public interest, you are entitled to attorney's fees? I don't know if there's another step there. I just know that the district court found easily that this is a matter — that Mr. Appearance expressed his opinion in a public forum on a matter of public interest, and that — But my question is, if we found that that was wrong, that the statements are true, not actionable, but they weren't of public interest, would we then negate — would we then be forced to get rid of the attorney's fees here? I think that would be a better question for — Okay. Okay. If you don't have any other questions for me, I'll reserve the rest of my time. Okay. That means that we've got three minutes and 30 seconds for you. Good morning. Caitlin Goesware with O'Malveny for Mr. Appearance. Just to continue with the question you were just asking, yes, I think that Mr. Appearance would be entitled to fees because in the appellant's briefing, they conceded that Mr. Appearance is the prevailing party, so — Well, they conceded that he was the prevailing party, but I'm not sure they conceded — and this is why I'm asking this question, because I'm not sure they conceded that this was an issue of public interest, and that's what I'm trying to get at is, is that required in order to find attorney's fees warranted under the anti-SLAPP statute? And I believe my co-counsel addressed that that has been shown in the lower court decision, so — Right, but would you agree that he didn't concede — are there two issues? He conceded that you're the prevailing party, which is a good concession. You were the prevailing party. But the question is, did he concede, or do we need to delve in deeper into whether this is a matter of public interest and whether the district court got that right? I would say, no, you don't need to delve into it, because implicit in his concession that Mr. Appearance is the prevailing party is a concession that that — that all of the elements were met. All of the elements of what? The anti-SLAPP statute entitlement to fees. You mean, when he's the prevailing party in getting the dismissal, that means that it's automatically a matter of public interest? I don't see that that's so. You know, it seems to me fairly obvious that this is a matter of public interest, but I don't think that's established from the mere fact of the dismissal on the merits. I guess I would defer to my colleague's explanation of how the district court made the appropriate findings there, and this court doesn't need to delve into that in order to find that there was — or I guess I should say, this court doesn't need to delve into that at all, so fees should be automatically — Mr. Appearance is entitled to fees. Let me ask you a question about fees. How are we supposed to assess the basis for the district court's decision when the information that you provided was undisclosed market data? How are we supposed to say whether or not it was reasonable or unreasonable? So the only basis for reversing the district court's decision is if there was no reasonable basis for the decision or if the court applied the wrong legal standard. So you're referring to the undisclosed market data. Actually, what the court had before it was a declaration of an employee of O'Malvany, Mr. Covey's declaration, and also an attorney declaration. But going to Mr. Covey's declaration, courts have held that even if the data that's is undisclosed market data, in Bextoffer Vineyards, that was still sufficient to satisfy the reasonableness of the rate inquiry. Well, the judge said this was not a complicated case, and then the bills that you submitted that your firm said were reasonable, you had, what, two partners, two seasoned associates, and then two brand-new people and a paralegal? Why did you need all those people in this case? Correct. Well, actually, the team was staffed, and Ms. Drummond-Hanson's declaration attested to this, which was presented to the district court. But the team was actually staffed so as to, and if I may finish answering your question, Your Honor. Please, go ahead. So as to put most of the work on the most junior attorneys, which actually were billing on the lowest rates, and they were still being supervised by partners who did much less of the work at lower rates. So by staffing the case with very junior attorneys, it actually resulted in lower fees, Your Honor. If you have no further questions, thank you. Okay. Thank you. Now, you had sought to reserve three minutes. We took you down a little below that. Would you put three minutes on the clock, please? Thank you, Your Honor. So, Your Honor, first of all, they state that all facts were true. They were not true. Where in the GPL does it clearly state about future services? And there's actually no undetermined legal issue at all. And to answer, Your Honor, your question about what if defendant has used the word implicit, things would still not change because the Franklin Court stated that, and I'm going to quote, whether a statement declares or implies a provably false assertion of fact is a question of law for the court to decide. And if it's a question of law to decide, then the only issue where the Supreme Court has stated that a business can stop doing business with any other entity at will. So if this is a question of law, and we have already established Supreme Court precedents that as a business owner, I can stop doing business with anybody at any time I like, where is the undetermined legal issue here? We have a fact that the access agreement clearly states users have all the rights provided in the GPL. We have a fact that users can freely start redistributing the software under the GPL. There is absolutely no mechanism or condition in the access agreement which states that they can take any action if a customer of theirs decide to exercise their rights and distribute the software under the GPL. Appellants have absolutely no recourse. The only statement which they have made, the only condition they have applied here is that you can do whatever you want to, but then I am not going to do business with you in future. So that's where it baffles me when it comes down to how can it be an undisputed issue? The law is clear from the Supreme Court. Well, yes and no. And here I want to come back to the word explicit. Explicit sometimes means clear, but it often means, and I think that its core meaning is that there is something in the text that says something rather than something you must infer. And the sentence that you point to in the licensing is you may not impose any further restrictions. That's very explicit. The issue then is not whether you may not impose further restriction, but the disputed issue is whether this is a restriction within the meaning of the clause. But the clause is very explicit. The question is the meaning of that explicit clause. And then we get to the question of, well, that may be disputed. Our position is that it does not apply to future services. I understand that. But it seems to me that Mr. Perins is justified in using the word explicit because this is very explicit. Then the question is, what does it mean? And, Your Honor, for that, it's very clear that the GPL states that it applies on the program. And in Section 0, it states the program is what is being distributed. So again, it doesn't apply to future services. Your Honor, my time is up. Thank you so much. Thank you. Thank both sides for your arguments. Open Social Security v. Perins, submitted for decision.
judges: W. Fletcher, R. Nelson, Molloy